CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 2 1 2016

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

ADIB EDDIE RAMEZ MAKDESSI,　　　　) 　　CASE NO. 7:15cv00130
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)　　MEMORANDUM OPINION
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
HAROLD CLARKE, ET AL.,　　　　　　　)　　By: Glen E. Conrad
　　　　　　　　　　　　　　　　　　　)　　Chief United States District Judge
　　　　　　Defendant(s).　　　　　　　)

Adib Eddie Ramaz Makdessi, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 originally as a motion for interlocutory injunction in another civil action. The court removed the submission and filed it as both a § 1983 complaint and a motion for preliminary injunction in this new and separate action, and the Office of the Attorney General filed a response. Makdessi subsequently filed an amended complaint, naming defendants, stating claims, and adding demands for monetary damages. He also later filed three additional motions for preliminary injunction. There being no demand for a jury trial, the court referred the case to United States Magistrate Judge Pamela Meade Sargent, pursuant to 28 U.S.C. § 636(b)(1)(B), for conduct of appropriate proceedings.

Judge Sargent conducted a court proceeding on June 30, 2015, and heard testimony from several witnesses regarding the motions for preliminary injunctive relief. Thereafter, Judge Sargent advised the parties that she would not recommend interlocutory injunctive relief as being warranted in the case and scheduled a bench trial for August 26-28, 2015. At trial, the parties joined the issues and presented extensive additional testimony, video footage, and additional documentary exhibits. The case is presently before the court on Judge Sargent's report and recommendation ("the report") and plaintiff's objections thereto.

The magistrate judge makes only a recommendation to this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Although the district court may give a magistrate judge's proposed findings and conclusions "such weight as [their] merit commands and the sound discretion of the judge warrants," the authority and the responsibility to make an informed final determination of these matters remains with the district judge. United States v. Raddatz, 447 U.S. 667, 682-83 (1980) (internal quotation marks and citation omitted). Therefore, in performing a de novo review, the district judge must exercise "his non-delegable authority by considering the actual testimony, and not merely by reviewing the magistrate's report and recommendations." Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985).

Judge Sargent's report sets forth proposed findings of fact and conclusions of law that Makdessi had not offered sufficient credible evidence to prove any of his constitutional claims, in light of the other, more credible evidence before the court. Therefore, the report recommends entering judgment for the defendants as to all of Makdessi's claims and denying his motions for injunctive relief.

Makdessi objects to the report's omission of particular testimony and documentation and its failure to interpret the evidence and video footage as proof of his asserted claims against the defendants. In light of these objections, the court has specifically reviewed each item of evidence that Makdessi has highlighted. The court also conducted a de novo review of the hearing transcripts and exhibits, the after-submitted documentation and argument, and the report. From this review, the court concludes that the weight of the evidence fully supports the factual findings and the legal conclusions of the report. In so doing, the court concludes, as did the

2

magistrate judge, that a substantial portion of Makdessi's testimony and his written allegations in this case are simply not credible or based in fact. Based on these findings and conclusions, it is the opinion of the court that Makdessi has failed to prove his case by a preponderance of the evidence. Accordingly, the court will overrule Makdessi's objections to the report,[1] adopt the report in its entirety as the opinion of the court on Makdessi's claims, deny his motions for injunctive relief, and enter judgment for the defendants. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This _21 st_ day of March, 2016.

_____
Chief United States District Judge

---

[1] Makdessi also objects, generally, to the rulings of the magistrate judge on certain nondispositive and pretrial matters. The court has reviewed these rulings and will affirm them over Makdessi's objections.